**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 19, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50849
Summary Calendar

ERIC ADAMS,

Plaintiff-Appellee-Cross-
Appellant,

versus

BERNEY KESZLER, Dr.; ET AL.,

Defendants,

BERNEY KESZLER, Dr.,

Defendant-Appellant-Cross-
Appellee.

---------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-86
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dr. Berney Keszler appeals the jury verdict for the plaintiff,
Eric Adams, and the district court's denial of his FED. R. CIV. P.
50 motion for judgment as a matter of law and/or for new trial.
Adams, Texas prisoner # 626162, cross appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dr. Keszler argues that Adams failed to produce substantial evidence that he suffered from a serious medical need requiring work restrictions or surgery. Dr. Keszler argues that Adams failed to produce any evidence that the delay in receiving surgery or removal of work restrictions resulted in substantial harm. Dr. Keszler argues that Adams has failed to provide sufficient evidence to overcome his entitlement to qualified immunity. He contends that Adams' testimony regarding his swollen knee is the only evidence of any injury and is insufficient to put him on notice that he violated Adams' constitutional rights.

Adams, on cross-appeal, argues that the district court erred in denying him de novo review of the magistrate judge's report dismissing his claims against other defendants. Adams argues that the district court abused its discretion in refusing to take judicial notice of the relevant facts and documentary evidence that had recently been disclosed to him concerning another lawsuit against Dr. Keszler. Adams argues that he was prejudiced by the district court's jury instructions on his retaliation claims and by the district court's refusal to allow the jury to consider his grievances, complaints, and other documents. He contends that the district court failed to properly articulate his retaliation allegations in full. Adams argues that he was prejudiced by the trial court's decision not to conduct an "unclean hands" hearing.

We have reviewed the entire record on appeal and have considered the law as set forth in the appellate briefs and on the

basis of our independent research as well. As a result, we are satisfied that, given the jury's role in determining the credibility of witnesses and the finding of facts, there is sufficient evidence to support the jury's verdict in favor of the plaintiff and against Dr. Keszler.

As we discern no reversible error in the rulings of the district court and find sufficient evidence supporting the jury verdict and the judgment based thereon, the judgment is, in all respects, AFFIRMED.